# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| MICHAEL TRUPEI, | ) |
|  | ) |
| **Plaintiff,** | ) |
| v. | )     Civil No. 07-0475 (HHK) |
|  | ) |
| BUREAU OF CUSTOMS AND BORDER | ) |
| PROTECTION, et al., | ) |
|  | ) |
| **Defendants.** | ) |

_____

### DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. 12(b)(1) and 12(b)(6), defendants hereby move to dismiss this action.  In the alternative, the Court is asked to enter summary judgment, in favor of defendants pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law.[1]  The Court is respectfully referred to the

---

[1]  To the extent that the Court may rely on matters outside of the pleadings, the Court may enter summary judgment in favor of the defendant.  See Fed. R. Civ. P. 12(b); 56.  Plaintiff should take notice that any factual assertions contained in the documents in support of this motion may be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents.  See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse

accompanying memorandum and the statement of material facts accompanying this motion.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street,  N.W. - Civil Division
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendants

_____

party.

Fed. R. Civ. P. 56(e).

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL TRUPEI,                    ) | |
|                               ) | |
|          **Plaintiff,**         ) | |
| **v.**                            ) | **Civil No. 07-0475 (HHK)** |
|                               ) | |
| **BUREAU OF CUSTOMS AND BORDER**   ) | |
| **PROTECTION, et al.,**             ) | |
|                               ) | |
|          **Defendants.**       ) | |
|                               ) | |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to LCvR 7(h), the defendants submit this statement of material facts not in genuine dispute. The attached declaration of Dorothy Pullo, Supervisory Program Analyst, Freedom of Information Act/Privacy Act Branch, Office of Field Operations, U.S. Customs and Border Protection ("CBP"), Department of Homeland Security, supports this statement. See Declaration of Dorothy Pullo ("Pullo Dec."), attached hereto as Exhibit 1.

1. On March 17, 2007, plaintiff filed a Complaint alleging that defendants had not responded to a request he made on February 17, 2005 under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. See Docket Entry No. 1.

2. Plaintiff alleged that this FOIA request sought all records and information referencing U.S. v. Klaus E. Buehler, Case No. 3:02-cv-13-J-12TEM. See Complaint at ¶ 5.

3. In the Complaint, plaintiff indicated that defendants did not acknowledge receipt of this alleged FOIA request. See id. at ¶ 6.

4. Defendants reviewed their system which tracks FOIA requests and did not locate a FOIA request, dated February 16, 2005, concerning records and information on U.S. v. Klaus E.

Buehler.  See Pullo Dec. at ¶ 6.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street,  N.W. - Civil Division
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendants

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**MICHAEL TRUPEI,**                     )
                                        )
                     **Plaintiff,**     )
**v.**                                  )          **Civil No. 07-0475 (HHK)**
                                        )
**BUREAU OF CUSTOMS AND BORDER**        )
**PROTECTION, et al.,**                 )
                                        )
                     **Defendants.**    )
_____)

### DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

## I. FACTUAL BACKGROUND

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and pertains to an alleged FOIA request by plaintiff. Plaintiff, Michael Trupei, is a federal prisoner at the Federal Correctional Center, Coleman Medium Security Prison ("FCC-Coleman"), in Coleman, Florida. Complaint at ¶ 3. Plaintiff indicates that, on February 17, 2005, he made a FOIA request for "all investigative records/documents pertaining to U.S. v. Klaus E. Buehler, Case No.: 3:02-cv-13-J-12TEM. Id. at ¶ 3. To that FOIA request, plaintiff attached a Power of Attorney of Klaus E. Buehler dated June 18, 2004. See Complaint, Exhibit A. Plaintiff filed this Complaint claiming that "USCS and/or DHS failed to acknowledge the receipt of [his] FOIA request[,]" id. at ¶ 6, and "failed to respond to [this] request . . . ." Id. at ¶ 7.

Plaintiff's claim is subject to dismissal or summary judgment because he has not exhausted the required administrative remedies by properly initiating a FOIA request with defendants. See Declaration of Dorothy Pullo ("Pullo Dec.") at ¶ 4.

## II. <u>STANDARD OF REVIEW</u>

### A.  <u>Motions to Dismiss</u>

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "presents a threshold challenge to the court's jurisdiction." <u>Gardner v. U.S.</u>, No. Civ. A. 96-1467, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), <u>aff'd</u>, 213 F.3d 735 (D.C. Cir. 2000) and <u>cert. denied</u>, 531 U.S. 1153 (2001), <u>quoting</u>, <u>Haase v. Sessions</u>, 835 F.2d 902, 906 (D.C. Cir.1987); <u>see also</u> 4 Wright & Miller:  Federal Prac. & Proc. § 1350 (R12)(2002 Supplement)(". . . subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power.")  A court may resolve a motion to dismiss brought pursuant to Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  <u>Herbert v. Nat'l Academy of Science</u>, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  <u>See id.</u>; <u>see also</u> <u>Cureton v. United States Marshal Serv.</u>, 322 F. Supp.2d 23, 2004 WL 1435124, *2 (D.D.C. June 28, 2004).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate if it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle [plaintiff] to relief."  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, (1957); <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1117 (D.C. Cir. 2000).  The Court must treat the Complaint's factual allegations as true, <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 164 (1993), and must grant plaintiff

2

"the benefit of all inferences that can be derived from the facts alleged." <u>Schuler v. United States</u>, 617 F.2d 605, 608 (D.C. Cir. 1979).  However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." <u>Akintomide v. United States</u>, 99-MS-0055, 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing <u>Nat'l Treasury Employees Union v. United States</u>, 101 F.3d 1423, 1430 (D.C. Cir. 1996); <u>Kowal v. MCI Commc'n Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

A motion to dismiss is a proper procedural vehicle for adjudicating a plaintiff's failure to exhaust its administrative remedies.  <u>See</u> <u>e.g. Hamilton Securities Group, Inc. v. U.S. Dep't Housing Urban Dev.</u>,106 F. Supp. 2d. 23 (D.D.C. 2000) (matter dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because Plaintiff failed to exhaust administrative remedies under FOIA); <u>Hildalgo v. Fed. Bureau of Investigation</u>, 344 F.3d 1256, 1258 (D.C. Cir. 2003)(where plaintiff failed to exhaust administrative remedies, matter remanded to district court to dismiss complaint under Rule 12(b)(6)).  When a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full and timely administrative exhaustion, the lawsuit is subject to ready dismissal because "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA." <u>Wilbur v. CIA</u> 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam)(citing <u>Oglesby v. U.S. Dep't of the Army</u>, 920 F.2d 57, 61-64, 65 n.9 (D.C. Cir. 1990).

### B. <u>Motions for Summary Judgment</u>

Where matters outside the pleadings are presented to the court in support of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the motion shall be treated as a motion for summary judgment and disposed of under Fed. R. Civ. P. 56.  Fed R. Civ. P. 12.  Where no genuine

dispute exists as to any material fact, summary judgment is required.  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome

of the litigation.  Id. at 247.  "The burden on the moving party may be discharged by 'showing' --

that is, pointing out to the [Court] -- that there is an absence of evidence to support the

non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560,

1563 (Fed. Cir. 1987).

      Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid

summary judgment, the plaintiff must present some objective evidence that would enable the

court to find he is entitled to relief.  In Celotex Corp. v. Catrett, the Supreme Court held that, in

responding to a proper motion for summary judgment, the party who bears the burden of proof on

an issue at trial must "make a sufficient showing on an essential element of [his] case" to

establish a genuine dispute.  477 U.S. 317, 322-23 (1986).

      In Anderson, the Supreme Court explained under what circumstances summary judgment

is appropriate:

> If the evidence is merely colorable, . . . or is not significantly
> probative, . . . summary judgment may be granted . . . [T]he mere
> existence of a scintilla of evidence in support of the Plaintiff's
> position will be insufficient; there must be evidence on which the
> jury could reasonably find for the Plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir.  1987)

(non-moving party is "required to provide evidence that would permit a reasonable jury to find"

in its favor).  In Celotex, the Supreme Court further instructed that the "[s]ummary judgment

4

procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.  See Cappabianca v. Comm'r, U.S. Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. U.S. Internal Revenue Serv., 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure.  Students Against Genocide v. U.S. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  When the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant.  Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).

### III.  ARGUMENT

#### A.  Plaintiff Failed to Exhaust His Administrative Remedies.

FOIA requests are intended to be handled administratively, in the first instance, not in District Court.  This goal would be thwarted if a FOIA requester could bypass the administrative process and litigate a FOIA request without first giving the agency an opportunity to address and resolve that request.  To further this goal, the law provides that a FOIA plaintiff's failure to

exhaust administrative remedies deprives the Court of subject matter jurisdiction over the unexhausted claims.  See Oglesby, 920 F.2d at 61-62.  Indeed, "[a] plaintiff's FOIA lawsuit is subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust all administrative remedies."  Trueblood v. U.S. Dep't of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996); accord Dettmann v. U.S. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Center to Prevent Handgun Violence v. U.S. Dep't of the Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997); Crooker v. U.S. Secret Serv., 577 F. Supp. 1218, 1219 (D.D.C. 1983).  Other courts have held that when a FOIA plaintiff fails to exhaust administrative remedies, his lawsuit is subject to dismissal for failure to state a claim.  See Sweetland v. Walters, 60 F.2d 852, 855 (D.C. Cir. 1995)(per curiam)(because defendant is not an agency for FOIA purposes, dismissal for failure to state a claim upon which relief could be granted was proper).  Regardless of the stated basis for dismissal, when a FOIA plaintiff attempts to seek judicial review before the agency has had an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision, the complaint should be dismissed for failure to exhaust administrative remedies.   See e.g. Judicial Watch, Inc.  v. Fed. Bureau of Investigation, 190 F.Supp. 2d 29, 32 (D.D.C. 2002)(citing Oglesby, 920 F.2d at 61-62).

     In the matter at hand, plaintiff indicates that he mailed his FOIA request to defendants on February 16, 2005.  See Complaint at ¶ 5.  He also indicates that "USCS and/or DHS failed to acknowledge the receipt of [his] FOIA request . . . ."  Id. at ¶ 6.  However, plaintiff has not exhausted the required procedures.

     Federal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records.  Kissinger v. Reporters Comm. for Freedom of the Press,

6

445 U.S. 136, 150 (1980). "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." Carbe v. BATF, No. 03-1658, 2004 WL 2051359, at * 8 (D.D.C. Aug. 12, 2004). "Without any showing that the agency received the request, the agency has no obligation to respond to it." Hutchins v. Dep't of Justice, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005). Thomas v. FAA, Civil Action No. 05-2391, 2007 WL 219988, *3 -4 (D.D.C. Jan. 25, 2007); cf. Pollack v. Dep't of Justice, 49 F.3d at 117 n.1 ("Pollack's Privacy Act claim was not properly before the district court because Pollack did not first exhaust administrative remedies provided under the Privacy Act").

Defendants' records indicate that they did not receive this FOIA request from plaintiff. Pollo Dec. at ¶ 6. According to the Declaration of Dorothy Pollo, when a FOIA request is received and CBP does not "process it within twenty days . . . CBP sends an acknowledgment letter to the requester indicating that the request was received . . . ." Id. at ¶ 5. Plaintiff acknowledges that he received no acknowledgment letter. See Complaint at ¶ 6. Therefore, it stands to reason that no such FOIA request was ever received. "Without any showing that the agency received the request, the agency has no obligation to respond to it." Hutchins v. Dep't of Justice, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005).

In addition, according to the Declaration of Dorothy Pollo, "when a FOIA request is received by CBP, . . . it is logged into the Office of Field Operations tracking system, along with relevant information, which includes the identity of the requester." Id. at ¶ 4. A review of the Office of Field Operations automated system revealed that one FOIA request was received from this plaintiff. Id. at ¶ 6. However, this request did not seek "all investigative records/documents, pertaining to U.S. v. Klaus E. Buehler," dated February 16, 2005. Id.

7

Thus, there is no jurisdiction under the FOIA to enjoin the defendants from withholding anything.  Id.; see also 5 U.S.C. § 552(a)(4)(B) (allowing for jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records "improperly withheld").  As plaintiff has failed to exhaust his administrative remedies, his claim must be dismissed.  See Fed R. Civ. P. 12(b)(1) and 12(b)(6).  In the alternative, defendants are entitled to summary judgment as a matter of law.  See Fed. R. Civ. P. 56.

**B.  Plaintiff's Constitutional Claim Must Be Dismissed**

Because defendants have not provided plaintiff with the documents he seeks, plaintiff claims that the defendants' actions are unlawful under the First Amendment.  See Complaint at p. 5.  However, FOIA is the comprehensive scheme provided to address all issues associated with release of documents, Johnson v. Executive Office for United States Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002), and thus plaintiff's pursuit of a claim under the First Amendment is inappropriate.  See Spagnola v. Mathis, 859 F.2d 223, 228 (D.C. Cir. 1988) (en banc) (no Bivens remedy available if a statute provides a "comprehensive system to administer public rights"); Armstrong v. Bureau of Prisons, 976 F. Supp 17, 23 (D.D.C. 1987), aff'd 1998 WL 65543 (D.C. Cir. Jan. 30 1988) (Privacy Act does not allow civil action for damages against individuals); Griffin v. Ashcroft, No. 02-5399, 2003 WL 22097940, *1-*2 (D.C. Cir. Sept. 3, 2003) (affirming dismissal of constitutional claims because "they are encompassed within the remedial scheme of the Privacy Act").  Cf. Bush v. Lucas, 462 U.S. 367, 368 (1983) (courts should not fashion independent Bivens remedy for alleged constitutional violations where Civil Service Reform Act provides a comprehensive statutory scheme for such claims).

8

### C.  **Plaintiff is Not Entitled to Monetary Damages**

Plaintiff claims that he is entitled to monetary damages in the amount of $250,000.  See

Complaint at p. 5.  This claim must be dismissed absent a waiver of sovereign immunity.  Meyer

v. Reno,  911 F.Supp. 11 (D. D.C. 1996); Marshall v. Reno,  915 F.Supp. 426 (D. D.C. 1996);

Deutsch v. U.S. Dep't of Justice, 881 F.Supp. 49, 55 (D. D.C. 1995).

The inherent sovereign immunity of the United States protects it and its agencies from

suit absent express waiver.  See United States v. Nordic Village, 503 U.S. 30 (1992).  Plaintiff's

Complaint does not contain any colorable basis for such a waiver.  Therefore, plaintiff's claim

for damages must be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P.

12(b)(1)

## IV.  CONCLUSION

As plaintiff has failed to exhaust its administrative remedies, defendants respectfully

request that plaintiff's Complaint be dismissed.  In the alternative, defendants request that their

motion for summary judgment be granted.

Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Washington, D.C.  20530
(202) 514-6531




Of Counsel:

Lori Cole
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, N.W.
Washington, D.C.  22030

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of April, 2007, the foregoing was served, by first-

class mail, upon plaintiff as follows:

Michael Trupei
R12743-004
Federal Correctional Complex
Low Security Prisons, C-3-Unit
P.O. Box 1031
Coleman, Florida 33521-1031

_____
MARIAN L. BORUM
Assistant United States Attorney

11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                                            |     |                          |
|--------------------------------------------|-----|--------------------------|
| **MICHAEL TRUPEI,**                        | )   |                          |
|                                            | )   |                          |
| **Plaintiff,**                             | )   |                          |
| **v.**                                     | )   | **Civil No. 07-0475 (HHK)** |
|                                            | )   |                          |
| **BUREAU OF CUSTOMS AND BORDER**           | )   |                          |
| **PROTECTION, et al.,**                    | )   |                          |
|                                            | )   |                          |
| **Defendants.**                            | )   |                          |
|                                            | )   |                          |

## ORDER

Upon consideration of defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, of all the papers filed in support of and in opposition to that motion, and of the entire record, and it appearing to the Court that the granting of defendants' motion would be just and proper, it is by the Court this _____ day of _____, 2007,

ORDERED that defendants' motion to dismiss be, and it hereby is, granted;

ORDERED that this case be, and it is, dismissed with prejudice.

_____
UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL TRUPEI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil No. 07-0475 (HHK)** |
| ) | |
| **BUREAU OF CUSTOMS AND BORDER** ) | |
| **PROTECTION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Upon consideration of defendants' Motion to Dismiss or, in the Alternative, for Summary

Judgment, of all the papers filed in support of and in opposition to that motion, and of the entire

record, and it appearing to the Court that the granting of defendants' motion would be just and

proper, it is by the Court this _____ day of _____, 2007,

ORDERED that defendants' motion for summary judgment be, and it hereby is, granted;

ORDERED that this case be, and it is, dismissed with prejudice.


_____
UNITED STATES DISTRICT COURT

Copies to:

Marian L. Borum
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-6531

Michael Trupei
R12743-004
Federal Correctional Complex
Low Security Prisons, C-3-Unit
P.O. Box 1031
Coleman, Florida 33521-1031