RECEIVED

AUG 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael Trupei, pro se )
R12743-004 )
Corrections Corporation of America )
P.O. Drawer 30 )
McRae, Georgia 31055 )
)
        Plaintiff, )
vs. )    Civil Action No.: 07-cv-0467(HHK)
)
BUREAU of CUSTOMS and BORDER )
PROTECTION, et al., )
)
        Defendants. )
_____)

OBJECTIONS to DEFENDANTS's MOTION to
DISMISS or in the ALTERNATIVE to
SUMMARY JUDGMENT, NOTARIZED

    PLAINTIFF, Michael Trupei (Plaintiff) appearing specially and not generally by and through this/his notarized objections to BUREAU of CUSTOMS and BORDER PROTECTION's ("CBP"), et al, (hereafter, "Defendants") Motion to Dismiss or, in Alternative for Summary Judgment on grounds that Defendants are mistating and/or misleading this Honorable Court (Court) that genuine issue of material fact is not in dispute and Defendants are entitled to summary judgment under Fed.R.Civ.P., Rule 56, where in fact the genuine issue still exists, and thus a full trial is hereby warranted so as to secure relief, unless or otherwise this Court rules in Plaintiff's favor as he is entitled to a judgment as such strictly based on the merits. Plaintiff acknowledges the following facts to wit:

A. **Background:**

    Briefly stated, the facts of this case may be summarized as follows. This cause arises under Freedom of Information Act (FOIA) request upon Defendants on February 17th, 2005, for all investigative records/documents pursuant to U.S. v. KLaus E. Buehler, Case No.: 3:02-cv-13-J-TEM. In doing so, the request was

-1-

was deposited into a the institutional mail-box so provided by FCC-Coleman Low Security Prisons at Coleman, Florida for the purposes to be forwarded via U.S. Mail, first class, upon "John A. Milne FOIA/Customer Satisfaction Unit, Office of Field Operation Bureau of Customs and Border Protection of Homeland Security, Room 5.5C, 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229." (See Exhibit-1, attached hereto). That mailing was in compliance with Houston v. Lack, 487 U.S. 266, 108 S.Ct. 1001 L.Ed 2d 245)(1988)(holding that an inmate pleading is deemed filed at the moment of depositing it into the institutional mail box (mail-box rule))." Id. Because of Defendants non-response, on February 17th, 2005, Plaintiff filed this/his FOIA action/claim pursuant to Defendants' non-acknowledgment to Plaintiff's administrative FOIA request of February 17th, 2005. Id. Thus, not only Defendants violated the Congressional response provision in 5 U.S.C. § 552(a)(6)(A)(i), as amended, but also committed a fraud by staying sub silentio until Plaintiff served them with his complaint is thereby consistent with U.S. v. Tweel, 550 F.2d 297 (1977) where that Court held that: "silence is equated with fraud." Id.

## B.  STANDARD of REVIEW

Generally, the FOIA requires a federal government agency to make its records available to the public, unless those records or portions thereof are protected from disclosure by a FOIA exemption. See 5 U.S.C. § 552(a). In this action, however, Plaintiff challenges Defendants' non-response to his FOIA request for the documents. Nevertheless, the Defendants claim that there is no evidence on the record that Plaintiff's request was made, and thus, this Court does not have jurisdiction to consider this cause. And therefore, Defendants are entitled to the summary judgment as a matter of law.

The Court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions file, together with affidavits, show that there is no genuine issue of material fact.

-2-

Celotext Corp. v. Catrett, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true, unless the opposing party submits his own affidavits or documentary evidence that contradict the movant's assertion. Neal v. Kelly, 963 F.2d 453, 456 (D.C.Cir.1992)(citing Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.1982); LCvR 71(h).

In support of their motion for summary judgment, the Defendants submitted a declaration of "Dorothy Pullo" (Ms. Puullo) a Supervisory Program Analyst, Freedom of Information Act/Privacy Branch, Office of Field Operation, U.S. Customs and Border Protection (CBP)(Defendants)(Pullo Decl.p.1).

Whereas Ms. Pullo is "officially responsible for the overall supervision and management of the processing of FOIA/PA requests for information at Defendants' system of records, including their databases of information...." (Pullo Decl.at 1).

## 1.  **Objection to the Motion to Dismiss:**

The defendants moved this Court to dismiss this cause of action for lack of subject matter jurisdiction under Rule 12(b)(1) on grounds that Plaintiff had failed to exhaust his administrative remedies or alternatively under Rule 12(b)(6) for failure to state a claim. (See Def.Mot.at p.7). Plaintiff objects to both of these contentions as a matter of law and fact. Neither the FOIA nor the Privacy Act (PA) of 1974 specifically require Plaintiff to exhaust administrative remedies before bringing suit. Such requirement is imposed as general principle of administrative law. 5 U.S.C. § 552, 552a, as amended. See also Hammie v. Social Sec. Adm., 765 FS 1224 (n-1)(E.D.Pa.1991). As such, Plaintiff contends that, in this cause, bringing his FOIA claim does not require under either Rule 12(b)(1), 12(b)(6), or Rule 56 of Fed.R.Civ.P. Even if Plaintiff had failed to exhaust the administrative remedies, which he constructively did, dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction would still be improper. Hager v. National Bank, 167 F.3d 245 (5th

-3-

Cir.1999)(exhaustion of administrative remedies is not prerequisite to a federal court's jurisdiction). Id. at (FN-3), citing Chailland v. Brown Root, Inc., 45 F.3d 945, 950 (n-6)(5th Cir.1995); Painter v. Golden Rule Ins. Co., 121 F.3d 436, 441 (8th Cir.1997), cert. denied, 523 U.S. 1074, 118 S.Ct 1516, 140 L.Ed 2d 669(1998).

## 2. Objection to Motion for Summary Judgment:

Moreover, under 5 U.S.C. § 552(a)(6)(C)[1], a FOIA requester may proceed to Court when the administrative process has been exhausted due to the agency's failure to respond to the initial request. Oglesby v. U.S.Dep't of Army, 920 F.2d 57, 61 (C.A.D.C.1990). Since the Defendants failed to respond to Plaintiff's February 16th, 2005 FOIA request letter, (see exhibit-1, attached hereto) thereby violating Congressional response provisions of 5 U.S.C. § 552(a)(6)(A)(i), as amended. As such, the genuine issue of material fact is still in dispute and Defendants are not entitled to the summary judgment as a matter of law and fact. (See exhibit-1, attached hereto) where Plaintiff had deposited his FOIA request into the institutional "mail-box" at FCC-Coleman Low Security Prisons on February 17th, 2005 for the purposes to be forwarded via U.S. Mail, first class, upon the Defendants and that is the direct evidence of the filing date. See also Houston v. Lack, Id.

Because an agency is required to notify a requester of its determination whether to comply to his request within 20 working days. See 5 U.S.C. § 552(a)(6)(A)(i), as amended. In this case, Defendants failed to do so within the Congress' binding directive under foregoing statute (breach of contract)

---

[1]

Plaintiff did not file an administrative appeal prior to the filing of his complaint as Defendants failed to respond to his erstwhile request thereby constructively exhausting his administrative remedies. 5 U.S.C. § 552(a)(6)(A)(i). When this occurs, the requester then may seek judicial review Immediately, even though he has not filed an administrative appeal. See Pollack v. Dep't of Justice, 49 F.3d 115, 118-19 (4th Cir.1995). For this reason, Plaintiff objects to Defendants Motion to Dismiss on the ground that Plaintiff failed to exhaust his administrative remedies.

Thus, it appears that Defendants willfully, intentionally or otherwise in bad faith had failed to respond to Plaintiff's FOIA request of February 17th, 2007, and as such, the genuine issue of material fact is still in dispute and this Court has jurisdiction to deny Defendants' Motion to Dismiss or alternatively for Summary Judgment and hear this cause strictly based on the merits.

**3. Defendants Cannot Prevail in this FOIA Action, _inter alia_, on their Reliance upon Authorities Cited in their Motion to Dismiss as they are by Far not on Point nor in support to the Instant Matter.**

In their reliance upon Trueblood, that case does not entail same aspects as the Plaintiff's one does here. In that case, Plaintiff received a response dated November 21, 1995, from Defendant "IRS" requesting additional time to comply with the request of November 2nd, 1995. That means, that IRS had responded to Defendant Trueblood's FOIA request as required under 5 U.S.C. § 552(a)(6)(A)(i), as amended. See Trueblood at 66. In the case _sub judice_, however, Defendants failed to request for any additional time nor had responded to Plaintiff's request of February 17th, 2005 at all. Thus, the Defendants' reliance upon Trueblood does not carry the required weight under FOIA in support of their Motion to Dismiss or alternatively for Summary Judgment at all.

Same is true in Dettman v. U.S. Dep't of Justice, 802 F.Supp. 1472 (D.D.C.1986). In Dettman, there the Plaintiff submitted a FOIA request to the FBI for "copies of all documents pertaining to herself...." See Dettman at 1473. The FBI released a number of documents to Ms. Dettman thereby fulfilling Congressional response provision within the meaning of 5 U.S.C. § 552(a)(6)(A)(i), as amended. Because the FBI released number of documents, it has for all practical purposes responded under the statute. Therefore, the Dettman case is also inapplicable to the instant matter.

Moreover, Defendants further rely on Handgun Violence v. U.S. Dep't of the Treasury, 981 F.Supp. 20, 23 (D.D.C.1997). In the Handgun case, there the "ATF"

officials <u>informed</u> plaintiff that its FOIA request would encompass 28,000 reports at cost of $ 17,000 to process [the request]." <u>Handgun</u> at 22. As such, the "ATF" fully complied with the statutory response provisions under the "Act." Thus, that case is likewise inapplicable to the instant matter at bar.

Similarly is true in <u>Crooker v. U.S. Secret Service</u>, 577 F.Supp. 1218, 1219 (D.D.C.1983), there the Plaintiff filed his FOIA request for all documents...maintained under his name by the "Secret Service" or the "Agency." That request was received by that agency on March 23, 1983. On the same date, the Secret Service requested a "notarized statement" from <u>Crooker</u>, requesting the attestation of his identity. When the request for identity check was made, the agency effectively responded. Thus, the <u>Crooker's</u> case is not consonant with the instant cause at all.

In the their further pursuance of support, Defendants also cite a case from this circuit in <u>Sweetland v.Walters</u>, 60 F.3d 852, 855 (D.C.Cir.1995)(per curiam). In <u>Sweetland</u> case, there the FOIA plaintiff brought an action against Gary J. Walters Chief Usher of the Executive Residence of the President. In that matter, the district court held that Defendant <u>Walters</u> nor the <u>Executice Residence</u> are not an agency for the FOIA purposes. Therefore, it was only a logical outcome that the district court, in that case, did not have jurisdiction. Again, that matter equally does not meet the necessary standard to support the Defendants' Motion Dismiss or alternatively for Summary Judgment.

Again, in the instant case, Plaintiff filed his FOIA request on February 17th, 2005. (See <u>exhibit-1</u>, attached hereto). Statutory provision requires that an agency, in this matter, the Defendants did not respond within the meaning of the statute at all. Only after, or otherwise some 32 months from the date of Plaintiff's original request of February 17th, 2005, did Defendants finally responded. And that response was because, they got served with Plaintiff's complaint filed on February 13th, 2007 or shortly thereafter. Had Plaintiff

forgo the filing of his complaint, one can be assured that Defendants would, to this day, defy the Congressional response provision under 5 U.S.C. § 552(a)(6)(A)(i), as amended. Plaintiff, however, filed his FOIA action and had served Defendants, this time via certified return receipt requested, who had signed the required PF-3811 Form which created a prima facie evidence of the receipt. Had Plaintiff sent also his FOIA request via certified U.S. Mail, certified return receipt requested upon Defendants, one can be assured that they would have responded. But since the law does not require Plaintiff to sent his official-mail via certified mail, he sent the request by and through U.S. Mail, first class and verified under 28 U.S.C. § 1746 and marking it "legal-mail." It was that non-certified mailing that Defendants saw an opporunity to ignore 5 U.S.C. § 552(a)(6)(A)(i) as more likely than not through their Deliberate process, Defendants had thrashed it. (See exhibit-1, attached hereto).

Nevertheless, however, the Sixth Circuit Court of Appeals has held in Detroit Automotive Product Corp. v. Commissioner, 203 F.2d 902 (6th Cir. 1953), and Central Paper Co. v. Commissioner, 199 F.2d 902 (6th Cir.1952) that: " a rebuttable presumtion exists that material currently mailed is deemed received." Id.. Thus, the Plaintiff's FOIA request of February 17th, 2005, was for all legal purposes under the doctrine of rebuttable presumtion, deemed received. (See exhibit-1, attached hereto).

Further and finally, Plaintiff has also sent his very first request for the same upon "Office of Information and Privacy (OIP) Freedom of Information Act (FOIA) and Privacy Act (PA)" on January 4th, 2005. (See exhibit-2, attached hereto). The OIP responded on February 8th, 2005 and directed Plaintiff to sent that/his request upon "John A. Milne." (See exhibit-3, attached hereto). In so doing, the Plaintiff's FOIA request was constructively deemed received and filed.

-7-

**28 C.F.R. § 16.4(2)** states as follows:

(2) <u>Refer</u> the responsibilty for responding to the request regarding that record to the component best able to determine whether to disclose it, or to another agency that originated the record (but only if that agency is subject to the FOIA). Ordinarily, the component or agency that originated a record will be presumed to be the best able to determine whether to disclose it. 28 C.F.R. § 16.4(2).

In <u>Peralta v. U.S. Attorney's Office</u>, 69 F.Supp.2d 21, 31 (D.D.C.1999) there the Court of this district ordered and held that: "DOJ's regulations will inquire both components [EOUSA and FBI] to continue responding to FOIA requests." <u>Peralta</u> at 31, see also 28 C.F.R. § 16.4.

Similarly is true in this case, where the OIP shall have "refered" Plaintiff's December 28th, 2004 request letter for processing upon the Defendants "CBP" but they failed to do so. Instead, OIP returned the request to Plaintiff advising him that the request should be sent upon "John A. Milne" or otherwise Defendants at CBP. (See <u>exhibit-3</u>, attached hereto). Therefore, and for the purposes of establishing the jurisdiction and <u>due dilligence</u>, Plaintiff sent his erstwhile request upon OIP first and when that request was returned, Plaintiff sent it as directed to John A. Milne and those both mailings were/are deemed received under 28 C.F.R. § 16.4(2), where that section essentially promulgates that when a claim is received by one agency that agency shall "refer" that claim to "another agency that originated the record." Of course, in the instant case the Defendants (CFB) are the originators of the requested records/documents. Plaintiff, however, sent his December 28, 2004 request upon OIP's office. In this regard, the OIP "shall" have forwarded said request upon John A. Milne or alternatively Defendants. See <u>exhibit-1,2 and 3</u>, attached hereto). Therefore, the requested records on December 28, 2004 and thereafter February 17, 2005 were or "shall be deemed received" by the Defendants.

4. **By Non-Responding to Plaintiff's FOIA Request,
   Defendants Breached Contract, inter alia, and
   thereby Committed Fraud and Deceit**

Defendants assert that "FOIA" is the "comprehensive scheme provided to address all issues associated with release of documents." Johnson v. Executive Office for United States Attorneys, 310 F.3d 771, 777 (D.C.Cir.2002). In that case, Defendants EOUSA responded to Plaintiff Johnson's FOIA request via its letter. Whereby in the case sub judice, Defendants-CBP stayed silent until Plaintiff filed his suit in February 16th, 2007. That is the difference between the two FOIA actions. In Johnson, there the Plaintiff sued EOUSA because of its tardy secondary response. Nevertheless, however, the EOUSA did respond and thereafter had exchanged a number of letters with Johnson. In the instant case, Plaintiff submits that for over 32 months, Defendants kept him in the dark. Only after filing of his complaint in February 16th, 2007, did Defendants responded to Plaintiff's February 17, 2005 FOIA request for records/documents. That response was/is a little to late to cure their intentional violation of 5 U.S.C. § 552(a)(6)(A)(i), and therefore through their insubstantial Motion to Dismiss and/or for Summary Judgment likewise has no merit.

Specifically, Defendants assert that they never received Plaintiff's FOIA request of February 17th, 2005. In support of their Motion to Dismiss...Defendants cite case law not on point with Plaintiff's cause, and thus, it is lacking the bite in support to their Motion. Bottom line is, of course, Defendants' non-response to Plaintiff's FOIA request is by itself a fraud and deceit, causing Plaintiff ongoing injury and harm. That is, whether under FOIA or otherwise, fraud and deceit is a crime under Natural Law, Commercial Law, Common Law, and Statutory Law. Thus, "Dolus et Fraus Nemine Patrocinentur" (deceit and fraud shall excuse no man). And besides 5 U.S.C. § 552(a)(6)(C), Plaintiff also invokes 28 U.S.C. § 1331 which also entails federal question. Where the district court shall have original jurisdiction

-9-

of <u>all</u> civil actions arising under Constitution, laws, or treaties of the
United States. Thus, 28 U.S.C. § 1331 confers this Court Jurisdiction under
the statute of frauds.

### 5. Failure to Apprise Plaintiff of the Reception of his FOIA Request is Contrary to Principle of 5 U.S.C. § 552

Once again, silence is acquiescence of something that otherwise requires
an answer. In the <u>United States v. Tweel</u>, 550 F.2d 297, 299 (5th Cir.1977)
there the Court of Appeals for the Fifth Circuit held that: "Silence can only
be equated with fraud where there is a legal or moral duty to speak or where
an inquiry left unanswered would be intentionally misleading." <u>Id</u>. at 299,
citing, <u>United States v. Prudden</u>, 424 F.2d 1021, 1023 (5th Cir.1973), <u>cert.</u>
<u>denied</u>, 400 U.S. 813, 91 S.Ct 62, 27 L.Ed 62 (1970). And the ensuing silence
is wrongful and misleading. <u>Dunkin Donuts Ind., v. Panagakos</u>, 5 F.Supp2d 57
(D.Mass.1998). Silence when there is duty to speak, is deemed equivalent to
concealment. <u>Reichert v. Reichert</u>, 77 S.D. 258, 90 N.W.2d 403 (1958). Plaintiff
submits that Defendants received his FOIA request of February 17th, 2005. (See
<u>exhibit-1</u>, attached hereto). By tacit procuration, however, they chose to deny
their receipt of it and stay silent. As such, they committed, among others,
fraud and deceit, causing injury and harm. And injury and harm does not exempt
the government and/or its agents/employees from being sued for their failure(s)
to follow the specific direction of a contract established by the Congress and
by teachings of the Court of Appeals for this Circuit in <u>Loughlin v. U.S.</u>, 393
F.3d 155 (D.C.Cir.2004) where that Court held that: "the employee has no
rightful option but to adhere to the directive of the Congress." <u>Loughlin</u> at
163. Thus, Defendants failed to "obey" the Congressional intent governed under
5 U.S.C. § 552(a)(6)(A)(i), thereby causing fraud, deceit, and concealment and
as such, said actions demand a commercial price to pay of $ 250,000.00 of
lawful money. This Court should assess that amount upon the Defendants.

## CONCLUSION

Based on the foregoing, Plaintiff prays that this Court should deny Defendants' Motion to Dismiss and/or for Summary Judgment and order Defendants to comply with prayers for relief consistent in Plaintiff's complaint, and for such other and further relief as this Honorable Court deems just, equitable, and proper.

Respectfully submitted,

Michael Trupei, pro se

## CERTIFICATE of SERVICE

I, Michael Trupei, pro se, do hereby certify that this/my objections to the Defendants' Motion to Dismiss and/or for Summary Judgment, have been forwarded on August _27_ , 2007, via U.S. Mail, first class, as follows:

United States Department of Justice
United States Attorney
District of Columbia
Att: Marian L. Borum
AUSA
Judiciary Center Building
555 4th Street, N.W., Room E4810
Washington, D.C. 20530

Michael Trupei, pro se

Sworn to and subscribed
before me on this _27_ , day of

_August_ , 200 _7_

NOTARY PUUBLIC          My Commission Expires:    Notary Public, Telfair County, Georgia
                                                   My Commission Expires Feb. 13, 2009

-11-

# A F F I D A V I T

I, Michael Trupei, the Plaintiff/Affiant, and upon my personal knowledge and belief do hereby declare and attest that the following is true, and correct:

1. That Dorothy Pullo (Ms. Pullo) responded by and through a self-serving declaration in which she supplied a very limited information about her functions at the Bureau o Customs and Border Protection's place of employment. That information is insubstantial for the purposes of summary judgment or otherwise Motion to dismiss.

2. That in her first paragraph, Ms. Pullo describes in a very general course and method her apparent job description at Customs and Border Protection (CBP) or alternatively Defendants.

3. That Ms. Pullo attempts to set out the general procedures concerning FOIA requests at Defendants' place of employment.

4. That in the 4th paragraph of her Declaration, Ms. Pullo states that she became aware of Plaintiff's complaint pursuant to his FOIA request for records/documents pertaining to <u>U.S. v.Klaus E. Buehler</u>, Case No.: 3:02-cr-13-J-TEM. Although Ms. Pullo acknowledges the receipt of my complaint, to this day, however, she still did not processed nor provided the records/docuuments so requested in my December 28, 2004 and thereafter, once again, the same in my February 17th, 2005 requests. In so doing, she exhibits constructive evidence of <u>malign</u> <u>intent</u> and/or <u>bad</u> <u>faith</u>.

5. That Ms. Pullo further labors how a FOIA request is received at Defendants' place of employment or otherwise how her "staff logs the requests into the Office of Field Operations Case tracking system" (the system), and that it is maintained by the Defendants as the sole automated means by which they can locate FOIA requests sent to them, such as myself, or by members of the public.

6. That Ms.Pullo further states that when a FOIA request "is received, CBP attempts to process it within 20 [working days]." This statement is so absurd that it does not deserve an answer, however.... If she wanted to declare this/her <u>modus</u> <u>operandi</u>, at the very least, she should have supported it with some substantial fact(s) but she did not.

7. That in her final paragraph, Ms. Pullo reiterates that she received the notice of my complaint on or about April 6th, 2007, and had reviewed "the system"

for said FOIA request. However, there was no record of any such request found. What Ms. Pullo's Declaration lacks is, of course, her support and detail of such representations. Such as, name(s) of person(s) who contacted Ms.Pullo informing her about my FOIA Complaint or otherwise to search the system whether my FOIA request was received? She also failed to provide names of her staff who purportedly searched the system. Ms. Pullo further fails to exercise the degree of information how far back does the system of records entail pertaining to FOIA requests. And also, is the system of records electronically monitored, or is it by some other means?

By mere making a few insubstantial statements that can not be proven is insufficient for the Declaration to sustain motion for summary judgment or to Dismiss. Thus, Ms. Pullo failed to demonstrate that there is/are no genuine issue(s) of material fact(s) that lends support as evidence in opposition by way of Defendants' Motion to Dismiss and/or for Summary Judgment. Her Declaration is nothing more than a tantalizing mirage crafted by the government, and thus not worthy of confidence.

8. Lastly, however, I object to the appearances of the United States Attorney, namely Jeffrey A. Taylor, D.C.Bar # 498610; Assitant United States Attorneys Rudolph Contreras, D.C. Bar # 434122; and more than likely Mariam L. Borum, D.C. Bar # 435409 is likewise self-appointed (unappointed). Neither of them are dully appointed under 28 U.S.C. §§ 541 and 542. Their execution of the Standard Form-61's is inadequate to appear, on behalf of the federal corporation (see Compl. at p. 2, foot note-1) in this or any other federal court. Thus, without appearing under the decreed aegis of appointments, the attorneys appearing in this matter are not counsels for the government. As such, they committed a fraud and deceit and I object to their appearances in this case all the more so.

Sworn to and subscribed
before me on this _27_, day of

_August_____, 200 _7_

_____ My Commission Expires§.
NOTARY PUBLIC

AFFIANT

_____
Michael Trupei, pro se

Notary Public, Telfair County, Georgia
My Commission Expires Feb. 13, 2009



From: Michael Trupel
R12743-004
Federal Correctional Complex
P.O. Box 1031
Coleman, Florida 33521-1031

LEGAL-MAIL

LEGAL-MAIL

EXHIBIT-1

RESPONDENT:

Office of Information and Privacy (OIP)
Freedom of Information Act (FOIA) and
Privacy Act (PA)
Tenth Street and Constitution Ave., N.W.,
Washington, D.C. 20530

REQUESTER:

Michael Trupei
R12743-004
Federal Correctional Complex
Low Security, C-3-Unit
P.O. Box 1031
Coleman, Florida 33521-1031


Re: All Information pertaining tp
U.S. v. Klaus E. Buehler,
No. 3:02-cr-13-J-12TEM

December 28th, 2004


### "FOIA" REQUEST FOR RECORDS,
### INFORMATION, "VERIFIED"

Under the provisions of Freedom of Information Act (FOIA), Title 5 U.S.C. § 552, as amended, and Privacy Act of 1974 (PA), Title 5 U.S.C. § 552a, as amended, the undersigned Michael Trupei (Requester) who is hereby directed and/or authorized by and through Klaus Ernst Buehler (See Exhibit-A, attached hereto) and requests that Respondent's systems of records, namely computers, data banks, files, documents, agents' notes, dossiers, tapes, and any other relevant recordings, transcripts, reports, statements, memos, namely all investigative records, such as chronological entries compiled during the investigation in the case set forth above, especially the meeting(s) between the Requester and the "Rolls Royce's" Corporation Officials and U.S. Customs Agent(s), which were taken place between on or about August 17th, 2000, and on or about January 10th, 2000, in Duval and Nassau Counties, in the Middle District of Florida, and elsewhere, which are subject to disclosure and shall be produced in their entirety.

Furthermore, in the event that a denial should be made, and Requester wishes to exercise his right to an appeal. Please list the departments, agencies, and supervisors, directors, and/or individual employee's name who have actually handled this request. Also, please list titles of all personnel, their addresses and telephone numbers (including their FTS numbers), of all parties with any information and please mail the Requester a copy of all of the rules and regulations governing Respondent's agency or otherwise the relevant agencies' (U.S. Customs) their operation, responsibilities, and other criteria in order that the Requester may comply with same in requesting the information as set forth hereinabove.

Should you fail to respond to this request within the statutory time limit of twenty (20) working days, 5 U.S.C. § 552(a)(6)(A)(i), as amended, Requester will deem this/his request denied and will take appropriate action(s) allowable by law.

This is an ongoing request for all records/information in Respondent's files, referencing U.S. v. Klaus E. Buehler, 3:02-cr-13-J-12TEM, and it pertains to even those records/documents which postdate this request and which are prepared during or prior to its processing.

Inasmuch, as the requested information is in the "public interest" the Requester hereby declares himself to be indigent, and thus he is asking Respondent to "WAIVE ALL FEES, COSTS, and/or CHARGES."

EXHIBIT-2

Additionally, the Requester respectfully requests that Respondent inform him in detail, if and when (date), and what information has been disclosed, to whom, and please be exact and specific.

ALL FOIA/PA AMENDMENTS IN FORCE APPLY TO THIS REQUEST.

I trust this suffices the instant request.

NOTICE TO AGENT IS NOTICE TO PRINCIPAL,
NOTICE TO PRINCIPAL IS NOTICE TO AGENT!

Sincerely,

Michael Trupei--Requester
or otherwise Counsel for
Klaus E. Buehler

## DECLARATION/VERIFICATION

Pursuant to 28 U.S.C. § 1746 I, Michael Trupei, the undersigned, do hereby declare and/or verify under penalty of perjury that the above "FOIA" request for records/documents is to the best of my knowledge and belief, true and correct.

Done on: _December 28 ᵗʰ_, 200 _4_          Signed: 

Michael Trupei--Requester
or Counsel for Klaus E.
Buehler



U.S. Department of Justice

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*


Mr. Michael Trupei                         FEB    8 2005
Reg. No. 12743-004
Federal Correctional Complex
Low Security, C-3 Unit
P.O. Box 1031                         Re:    OIP/05-R0304
Coleman, FL 33521-1031                       MAP:CLM:SLK

Dear Mr. Trupei:

   This is in response to your Freedom of Information Act (FOIA) request dated December 28,
2004, and received in this Office on January 21, 2005, in which you requested various records
pertaining to Klaus E. Buehler's criminal case (No. 3:02-cr-13-J-12TEM), names and contact
information of individuals who have handled this request, and the rules and regulations for requesting
information from agencies. This response is made on behalf of the Office of Information and Privacy.

   As we advised in our January 14, 2004 letter to you, the Office of Information and Privacy
maintains initial request files of FOIA and Privacy Act (PA) requests for access to records of the Office
of the Attorney General and six other senior leadership offices of the Department of Justice. This
Office also maintains files of administrative appeals of denials of Department of Justice FOIA/PA
requests. Typically, this Office and the seven senior leadership offices do not maintain records
pertaining to individuals' criminal cases. Furthermore, as we also notified you, the FOIA provides a
right of access to federal agency records that exist and can be located in agency files and does not
require agencies to answer questions, compile information, or conduct research. We are, however,
providing you with a copy of the Department's regulations for processing FOIA/PA requests.

   Please be advised that the Department of Justice has a decentralized system for processing
FOIA/PA requests and each component of the Department maintains its own records. Accordingly, to
the extent that you believe other components may maintain the records you seek, you will need to direct
your request to those component(s). Although I have previously provided you with a copy of the
Department of Justice Freedom of Information Act Reference Guide (Reference Guide), in an effort to
be of assistance, I am enclosing another copy. As you may recall, the Reference Guide contains a list
of Department components, which describes the types of records each entity maintains and provides
the addresses to be used in making FOIA/PA requests to these components.

   You may write directly to the Department component(s) you believe have records pertaining to
your request or you may submit your request to the FOIA/PA Mail Referral Unit, Justice Management
Division (JMD), and that office will forward your request to the component(s) it believes are most likely
to have responsive records. The address for JMD is highlighted on the page with the red tab in the
enclosed Reference Guide.

EXHIBIT-3

-2-

Because the individuals who prosecuted this case are a United States Attorney and an attorney with the Criminal Division, the Executive Office for United States Attorneys and the Criminal Division are the most likely components of the Department to maintain the records you seek.  Contact information for those components is highlighted on the pages with the purple tabs in the enclosed <u>Reference Guide</u>.

For your information, as a result of the passage of the Homeland Security Act, the functions of the former United States Customs Service (USCS) have been transferred to the Department of Homeland Security (DHS).  Accordingly, to the extent that you are seeking USCS records pertaining to Customs agents, you would need to direct your request to the Bureau of Customs and Border Protection at the following address:

> John A. Milne
> FOIA/Customer Satisfaction Unit
> Office of Field Operations
> Bureau of Customs and Border Protection
> Department of Homeland Security
> Room 5.5C
> 1300 Pennsylvania Avenue, N.W.
> Washington, D.C. 20229

If you consider my response to be a denial of this request, you may administratively appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, DC 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Melanie Ann Pustay
Deputy Director

Enclosures

EXHIBIT-3