UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL TRUPEI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 07-0475 (HHK) |
| ) | |
| BUREAU OF CUSTOMS AND BORDER ) | |
| PROTECTION, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully file this reply memorandum in response to plaintiff's Objections to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, Notarized. ("Pltf's Opp.").

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and pertains to an alleged FOIA request by plaintiff. Plaintiff indicates that, on February 17, 2005, he made a FOIA request to defendants for "all investigative records/documents pertaining to U.S. v. Klaus E. Buehler, Case No.: 3:02-cv-13-J-12TEM. Complaint at ¶ 3. Plaintiff filed a Complaint claiming that "USCS and/or DHS failed to acknowledge the receipt of [his] FOIA request[,]" id. at ¶ 6, and "failed to respond to [this] request . . . ." Id. at ¶ 7.

Plaintiff's complaint is subject to dismissal or summary judgment because he has not exhausted the required administrative remedies by properly initiating a FOIA request with defendants. See Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment

("Defendants' Motion") Declaration of Dorothy Pullo ("Pullo Dec.") at ¶ 4.[1]  Accordingly, for reasons stated in defendants' motion and herein, defendants respectfully reiterate their request that the Court dismiss this suit or enter summary judgment in defendants' favor.

## ARGUMENT

**A. Plaintiff Failed to Exhaust His Administrative Remedies.**

    1. Initially, Freedom of Information Act Request Must Be Handled Administratively or Be Subject to Dismissal.

Plaintiff argues that the Freedom of Information Act does not require him to exhaust his administrative remedies.  Pltf's Opp. at p. 3.  Plaintiff is incorrect.  FOIA requests are intended to be handled administratively, in the first instance, not in District Court.  This goal would be thwarted if a FOIA requester could bypass the administrative process and litigate a FOIA request without first giving the agency an opportunity to address and resolve that request.  To further this goal, some courts have held that a FOIA plaintiff's failure to exhaust administrative remedies deprives the court of subject matter jurisdiction over the unexhausted claims.  See Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990).  Indeed, "[a] plaintiff's FOIA lawsuit is subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust all administrative remedies." Trueblood v. U.S. Dep't of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996); accord Dettmann v. U.S. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Center to Prevent Handgun Violence v. U.S. Dep't of the Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997); Crooker v. U.S. Secret Serv., 577 F. Supp. 1218, 1219 (D.D.C. 1983).  Other courts have held

---

[1]Further, the "[C]ourt may assume that [the] facts identified by [defendants] in [their] statement of material facts are admitted [because plaintiff failed to] contravert[ those facts] in [a] statement of genuine issues filed in opposition to the motion." See LcvR 7(h).

that when a FOIA plaintiff fails to exhaust administrative remedies, his lawsuit is subject to dismissal for failure to state a claim.  See Hildalgo v. FBI, 344 F.3d 1256, 1260 (D.C. Cir. 2003)(absent exhaustion, a FOIA suit is subject to dismissal under Rule 12(b)(6)).  Regardless of the stated basis for dismissal, when a FOIA plaintiff attempts to seek judicial review before the agency has had an opportunity to exercise its discretion and expertise on the matter, and to make a factual record to support its decision, the complaint should be dismissed for failure to exhaust administrative remedies.   See e.g. Judicial Watch, Inc.  v. FBI, 190 F.Supp. 2d 29, 32 (D.D.C. 2002)(citing Oglesby, 920 F.2d at 61-62).  Because plaintiff failed to exhaust his administrative remedies, his claim must be dismissed.

        2.  No Agency Records Were Withheld.

Plaintiff claims that he mailed to defendants his February 17, 2005 FOIA request for "all investigative records/documents pertaining to U.S. v. Klaus E. Buehler," Complaint at ¶ 3, by depositing it "into a (sic) the institutional mail-box [at his correctional institution]."  Pltf's Opp. at p. 2.  Therefore, he asserts that his request is deemed filed.  Plaintiff then contends that because defendants failed to respond to his request, he is not required to exhaust his administrative remedies.  He states that "a FOIA requester may proceed to Court when the administrative process has been exhausted due to the agency's failure to respond to the initial requester."  Id. at 4, (citing Oglesby, 920 F.2d at 61).

However, federal jurisdiction over a FOIA claim is dependent upon a showing that an agency *improperly withheld* agency records.  Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980)(emphasis added).  "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond."  Carbe v.

BATF, Civ. No. 03-1658 (RMC), 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004). "Without any showing that the agency received the request, the agency has no obligation to respond to it." Hutchins v. Dep't of Justice, No. 00-2349 (HHK), 2005 WL 1334941, at *2 (D.D.C. June 6, 2005).

According to Dorothy Pollo, Supervisory Program Analyst, Office of Field Operations, U.S. Customs and Border Protection ("CBP"), agency records indicate this FOIA request was not received. Defendant's Motion, Pollo Dec. at ¶ 6. "When a FOIA request is received by CBP, my staff logs the request into the Office of Field Operations case tracking system, along with relevant information, which includes the identity of the requester." Id. at ¶ 4. A review of the Office of Field Operations automated system revealed that one FOIA request was received from plaintiff. Id. at ¶ 6. However, this request did not seek "all investigative records/documents, pertaining to U.S. v. Klaus E. Buehler," dated February 16, 2005. Id.

Further, according to the Pollo Declaration, when a FOIA request is received and CBP does not "process it within twenty days . . . CBP sends an acknowledgment letter to the requester which indicates that the request was received . . . ." Id. at ¶ 5. Plaintiff acknowledges that he received no acknowledgment letter. See Complaint at ¶ 6. Therefore, it stands to reason that no such FOIA request was ever received.

Plaintiff has presented nothing in the record to show that defendants received the FOIA request. Further, there is no basis to discredit Ms. Pollo's sworn declaration that defendants have no record of this FOIA request.[2] Because defendants did not locate and, therefore, did not

---

[2] "Such declarations are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." Thomas v. Federal Aviation Administration, Civ. No. 05-2391 (CKK), 2007 WL 2020096, at *3

4

withhold any documents, plaintiff has not exhausted his administrative remedies, and does not have a viable FOIA claim against defendants. See Kissinger, 445 U.S. at 150 (1980); Thomas, 2007 WL 2020096, at *3 ("In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations.") (citing Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)). See 5 U.S.C. § 552(a)(4)(B) (allowing for jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records "improperly withheld"). Therefore, plaintiff's claim must be dismissed. See Fed R. Civ. P. 12(b)(1) and 12(b)(6). In the alternative, defendants are entitled to summary judgment as a matter of law. See Fed. R. Civ. P. 56.

### 3. Plaintiff's FOIA Request Was Not "Received."

Plaintiff argues that "[b]ecause an agency is required to notify a requester of its determination whether to comply [with] his request within 20 working days . . .[and d]efendants failed to do so," Pltf's Opp. at p. 4, "[d]efendants willfully, intentionally or otherwise in bad faith . . . failed to respond to his FOIA request . . . ." Id. at 5. Indeed, "[i]f an agency does not comply with FOIA's time requirements, a plaintiff has constructively exhausted his administrative remedies and may file suit." West v. Jackson, 448 F.Supp.2d 207, 211 (D.D.C. 2006) (citing Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1310 (D.C. Cir. 2003)). However, "these statutory deadlines . . . are triggered by the agency's receipt of the FOIA request. Id. (citing 5 U.S.C. § 552(a)(6)(A)(i)).

> "[A]n agency's obligations under FOIA are not established by the averred mailing of a FOIA request. . . . Rather, the plain language of the statute states that '[e]ach agency, upon a request for records . . . shall determine within twenty days . . . after

---

(D.D.C. July 12, 2007)(internal citation and quotation marks omitted).

*receipt* of any such request to comply with such request.'"

Schoenman v. FBI, Civ. No. 04-2202 (CKK), 2006 WL 1126813, *12-13 (D.D.C. March 31, 2006)( citing 5 U.S.C. § 552(a)(6)(A)(i) (emphasis added)).  Therefore, "[a]n agency's obligations commence upon receipt of a valid request."  Id. (citing Dale v. IRS, 238 F.Supp.2d 99, 103 (D.D.C. 2002)); see also Giamo v. IRS, Civ. No. 94-2463 (CEJ), 1996 WL 249362, at *2 (E.D. Mo. Feb. 23, 1996)("Defendant's duty to process a request is clearly conditioned upon receipt of such request.").  "[A] FOIA plaintiff must make a showing sufficient to establish the existence of an element essential to his case (i.e. proper filing and receipt) to survive [a] dispositive motion . . . ."  Williams v. McCausland, Civ. Nos. 90-7563 (RWS), 91-7281 (RWS),1994 WL 18510, *6 (S.D.N.Y. January 18, 1994).

> Without placing the burden of establishing proper filing and receipt on the plaintiff, . . . the exhaustion doctrine would be a nullity.  If a party could avoid the exhaustion requirement merely by asserting that [he] had pursued all available administrative relief, administrative agencies would be placed in the position of having to prove the negative.  Indeed, placing the burden of proof on the person seeking disclosure also comports with the principle of forensic procedure that when a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service.

Id. at *4 (quoting Blue Ocean Lines v. Universal Process Equip., Civ. No. 93-1722(SS), 1993 WL 403961, at *4 (S.D.N.Y. Oct. 7, 1993))(internal quotation marks omitted); see Arnold v. U.S. Secret Service, Civ. No. 05-0450 (RBW), 2006 WL 2844238, *2 (D.D.C. September 29, 2006)(It is plaintiff's burden to show his prior exhaustion of his administrative remedies.)(citing Hedley v. U.S., 594 F.2d 1043, 1044 (5th Cir. 1979) (per curiam)).

Here, plaintiff has provided no proof that his purported FOIA request was ever received

6

by defendants.[3]  "Without a copy of a stamped envelope showing the mailing of the request, or a returned receipt certifying the actual receipt of the request by the agency, plaintiff cannot meet the statutory requirements under FOIA requiring an agency's 'receipt' to begin the production process."  Schoenman, 2006 WL 1126813, *13 (citing Hutchins, 2005 WL at 1334941 at *2 ("Without any showing that the agency received the request, the agency has no obligation to respond to it.")).  See Antonelli v. ATF, Civ. No. 04-1180 (CKK), 2005 WL 3276222, at *5 (D.D.C. August 16, 2005)(finding that plaintiff failed to sufficiently demonstrate that FOIA requests were submitted to agency, which could not locate them in its files, even though plaintiff produced copies of requests and asserted that he mailed them.)  Because the defendants' declaration affirms that a search of the agency's database was undertaken and did not produce any evidence that it received plaintiff's FOIA request, plaintiff has not exhausted his administrative remedies.  Thomas v. Federal Aviation Administration, Civ. No. 05-2391 (CKK), 2007 WL 2020096, at *4 (D.D.C. July 12, 2007).  Therefore, plaintiff's claim must fail.  See Hutchins, 2005 WL 1334941, at *2 (Court granted agency's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) where plaintiff showed that he mailed a FOIA request but provided no evidence establishing its receipt.)

      4.  Plaintiff's FOIA Request is not "Constructively Deemed Filed."

Plaintiff attaches to his opposition a purported copy of a December 28, 2004 FOIA request sent to the Department of Justice, Office of Information and Privacy ("OIP") requesting all records/information . . . referencing U.S. v. Klaus E. Buehler," Pltf's Opp, Exhibit 2 at p. 1, as

---

[3]The absence of evidence does not defeat a sworn affidavit.  Thomas v. FAA, 2007 WL 2020096, *4.

well as OIP's response to that request. Pltf's Opp. , Exhibits 2, 3. In its response, OIP informed plaintiff that OIP "maintain[ed] initial request files of FOIA and Privacy Act (PA) requests for access to records to the Office of the Attorney General and six other senior leadership offices of the Department of Justice" and "files of administrative appeals of denials of Department of Justice FOIA/PA requests." Id., Exhibit 3 at p. 1. Typically, OIP does "not maintain records pertaining to individual criminal cases." Id. Plaintiff was told that if he "believe[d] other components . . . maintain[ed] the records [he sought, he would] need to direct [his] request to those component(s)." Id. Plaintiff was informed that the Executive Office for United States Attorneys ("EOUSA") and the Criminal Division were the most likely components to maintain the records he sought. He was provided with their contact information. Plaintiff also was informed that the functions of the former United States Customs Service were transferred to the Department of Homeland Security. Id. at 2. To the extent plaintiff sought records pertaining to customs agents, he was told that he should direct his request to that department. Id. Plaintiff was provided with this contact information as well.[4]

Plaintiff, nevertheless, argues that because he sent this correspondence to OIP, his subsequent February 17, 2005 request to the Bureau of Customs and Border Protection "was constructively deemed received and filed [by that agency]." Pltf's Opp. at p. 7. Specifically, plaintiff states that "when a claim is received by one agency that agency shall 'refer' that claim to 'another agency that originated the record.'" Id. at 8. Plaintiff misconstrues the statute.

FOIA requires that if an agency or component *locates* entire records originating with

---

[4]Plaintiff claims to have sent his request to the Bureau of Customs and Border Protection, but did not indicate that he attempted to contact either EOUSA or the Criminal Division. See Complaint and Pltf's Opp.

another agency or component, it should refer those record to their originator for its direct response to the requester. If, however, an agency or component determines that it does not maintain any record responsive to a particular FOIA request, that agency generally is under no obligation to forward that request to any other agency or component where such records might be located. See Hardy v. Dep't of Defense, Civ. No. 99-523 (FRZ), 2001 WL 34354945, at *10 (D.Ariz. August 27, 2001). As a matter of administrative discretion, the agency may advise the requester of the name and address of such other agency.

Here, OIP did not maintain any record responsive to plaintiff's FOIA request and informed plaintiff of such. OIP did provide plaintiff with addresses to which he properly could send his FOIA request. See Pltf's Opp., Exhibit 3, p 1. Plaintiff claims to have sent his request to one of the addresses, but provides no evidence that this request was received. Without evidence establishing receipt, plaintiff's claim is subject to dismissal.[5]

### B. Plaintiff is Not Entitled to Monetary Damages

In his opposition, plaintiff once again claims that he is entitled to monetary damages in the amount of $250,000. See Pltf's Opp. at p. 10. This claim must be dismissed absent a waiver of sovereign immunity. Meyer v. Reno, 911 F.Supp. 11 (D.D.C. 1996); Marshall v. Reno, 915 F.Supp. 426 (D. D.C. 1996); Deutsch v. Dep't of Justice, 881 F.Supp. 49, 55 (D. D.C. 1995). The inherent sovereign immunity of the United States protects it and its agencies from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992). Neither plaintiff's Complaint nor opposition contains any colorable basis for such a waiver.

---

[5]Plaintiff claims that defendants "committed fraud and deceit" by not responding to his FOIA request. However, plaintiff's baseless claim must fail. As indicated supra, plaintiff has provided no evidence that defendants received this request.

Moreover, it is well-settled that monetary damages are not available under FOIA. Ross v. U.S., 460 F.Supp.2d 139, 151 (D.D.C. 2006) (citing Johnson v. Executive Office for United States Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002) (affirming district court conclusion that "FOIA . . . provides requesters with the potential for injunctive relief only," and thus precludes the creation of a damages remedy for the alleged mishandling of a FOIA request)); Whitfield v. U.S. Dep't of Treasury, Civ. No. 04-0679 (GK), 2006 WL 2434923, at *7 (D.D.C. Aug.22, 2006) (dismissing plaintiff's request for damages under FOIA based on Johnson); see also Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir.1993) (holding that there is no private right of action for money damages under FOIA); Gasparutti v. United States, 22 F.Supp.2d 1114, 1116 (C.D.Cal.1998) ("There is no provision under FOIA which provides for an award of money damages for alleged wrongs by federal agencies."). Therefore, plaintiff's claim for monetary damages must be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1).

## IV.  CONCLUSION

As plaintiff has failed to exhaust his administrative remedies, defendants respectfully request that plaintiff's Complaint be dismissed. In the alternative, defendants request that their motion for summary judgment be granted.

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Washington, D.C.  20530
(202) 514-6531
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September, 2007, the foregoing was served, by first- class mail, upon plaintiff as follows:

Michael Trupei
R12743-004
Federal Correctional Complex
Low Security Prisons, C-3-Unit
P.O. Box 1031
Coleman, Florida 33521-1031

/s/
MARIAN L. BORUM
Assistant United States Attorney