RECEIVED

DEC 3 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael Trupei, pro se  )
      Plaintiff,  )
        )
        )
vs.  )  Civil Case No.: 07-cv-0475 (HHK)
        )
BUREAU of CUSTOMS and BORDER  )
PROTECTION, et al.,  )
        )
      Defendants.  )

MOTION for ENLARGEMENT of TIME UNDER Fed.R.Civ.P., RULE 6(a) to SURREPLY to DEFENDANTS' REPLY, and OBJECTION to the APPEARANCES of USA-JEFFERY A. TAYLOR, AUSA-RUDOLPH CONTRERAS, and AUSA-MARIAN L. BORUM, **NOTARIZED**

PLAINTIFF, the Michael Trupei (Plaintiff) appearing specially and not generally and hereby respectfully moves this Honorable Court (Court) for an Order of enlargement of time by 60 days, from the date of the receipt of this Motion, under Rule 6(a) of Fed.R.Civ.P., to surreply Defendant's reply dated September 10th, 2007, and objection to the appearances of Defendants' counsels, because it appears, they failed to meet the requisite protocols of their appointments. Plaintiff states to wit:

**The Facts**

This cause arises under Freedom of Information Act (FOIA), 5 U.S.C. § 552, and pertains to Plaintiff's FOIA request, that Defendants failed to answer. Plaintiff is a federal prisoner at Correctional Corporation of America (CCA), located at McRae, Georgia, whereby on August 27th, 2007, Plaintiff objected to Defendants' "Motion to Dismiss or in the Alternative for Summary Judgment."

Not long after, on September 10th, 2007, Defendants filed a Reply to Plaintiff's Objection to Defendants' Motion to Dismiss and/or Summary Judgment, which Plaintiff did not received until 3 months and 10 days thereafter.

On December 20, 2007, Plaintiff was summoned to the Captain's Office to acquire his "legal-mail", as the CCA's captain's office is solely responsible of all incoming legal correspondence. In the instant case, however, the envelope holding Defendant's "Reply" was not marked as "legal-mail" at all. (See exhibit-A, attached hereto). That [legal mail] entailed Defendant's "Reply" and was postmarked September 10th, 2007, and addressed upon Plaintiff at Federal Correctional Complex, Coleman Low Security, C-3-Unit, P.O. Box 1031, Coleman, Florida 33521-1031. (See exhibit-A, attached hereto).

Next morning on December 21st, 2007, Plaintiff proceeded to the CCA's "mail room," whereby he requested the Supervisor of that department, namely Ms. Gilbert, inquiring as to why the said "Mail" was 3 months and 10 days late? Ms. Gilbert responded that the mail piece in question was received by the CCA's mail-room on December 20th, 2007. Plaintiff then requested whether she be willing to execute an affidavit, stating that the mail was indeed received on December 20th, 2007. To that request, Ms. Gilbert quipped, that she is not willing to affirm her own statement. Plaintiff then requested for a copy of the log that he signed night before at Captain's office. Whereby Ms. Gilbert complied and issued that requested copy. (See exhibit-B,[1] attached hereto).

**Usual Procedure for Misdirected Mail:**

Ms. Gilbert also advised that said legal mail was mailed to FCC-Coleman first, and thereafter the mail was received therefrom by CCA at McRae, Georgia

---

[1] At the bottom of the exhibit-B, it also shows that the "Mail" here in question was "Received From: US DEPARTMENT OF JUSTICE, DC 20001 on 12/20/2007 at 12:05PM.

on December 20th, 2007. When a mail, legal or otherwise, is addressed to FCC-Coleman, Plaintiff's former place of confinement, the prison authorities at FCC-Coleman immediately forward such mail upon the CCA at McRae, Georgia, as Plaintiff was transferred from that prison, to this private dump. The FCC-Coleman, however, does not wait 3 months and 10 days to forward such a mail upon respective addressee. Instead, it pastes the proper address upon such misdirected "legal mail" and immediately forward it to the respective addressee. (See exhibit-C, attached hereto). In the instant case, however, no such CCA's address is visible, or marked, on the envelope that was allegedly sent by FCC-Coleman upon the CCA at McRae, Georgia, at all. (See and Cf., exhibit-A and C, attached hereto).

Thus, it appears that CCA in conjunction with the Department of Justice's spin, had knowingly and unlawfully detained and/or delayed that piece of Plaintiff's legal-mail by 3 months and 10 days for the purposes of stonewalling the Plaintiff, so that he may default this/his lawsuit, namely Trupei v. BCB, 07-cv-0475 (HHK) that is presently in front of this Court, but also other cases currently pending in other jurisdictions.

The 18 U.S.C. §§ 1702, 1703(a), however, strictly prohibits CCA's mailroom, the likes, or otherwise from detaining, obstructing, plying, and delaying any legal mail. Instead the CCA shall have upon its receipt, delivered said mail to the Plaintiff, but it did not. This is a flagrant example of the CCA's dilatory modus operandi to Plaintiff's legal mail, which violates law and trust, and thus creates distrust and thereby lowers social morale and produces inmates social disorganization and disrespect for the prison employees as a whole.

This Court should, as it merits serious attention, order an investigation of the cause for the delay, by 3 months and 10 days, of Plaintiff's legal mail, and/or it should judicially notice that delay as a spectre of bad faith on the part of the Defendants and/or CCA, as they are in conjunction with one

another, muddying the waters further in hopes that Plaintiff defaults his actions or causes of action, either in this, or other jurisdictions, currently pending thereat.

> **Without the "Letter of Appointment" Messers., <u>Taylor, Contreras,</u> and <u>Borum,</u> are not Counsels for Defendants and thus, they shall not appear as such.**

Plaintiff submits that Mr. Taylor, Mr. Contreras, and Mr. Borum must or shall <u>not</u> represent the Defendants, in this case, without first producing their "letters of appointment" under Art. II, § 2, cl 2, of the Constitution, or otherwise stautory sense of 28 U.S.C. §§ 541 and 542. If they do so without production of said document, they will cause unconstitutionally taking of the property (federal pay check) without of the <u>due process</u> of law. <u>National Treasury Employee Union v. Reagan</u>, 663 F.2d 239, 248 (C.A.D.C.), citing <u>Board of Regents v. Roth</u>, 408 U.S. 564, 92 S.Ct 2701, 33 L.Ed 2d 548 (1972). Without the production of said protocols, means that they are appearing contrary to the law and thereby committing a fraud upon this Court, Plaintiff, and the Federal Government, all in violation of <u>Fed.R.Civ.P.</u>, Rule 9(a)$^2$ (capacity).

---

2
    Because of the bankruptcy, (declared by President Franklin D. Roosewelt in March 5th, 1933) each agent for the government needs to be **bonded**. All officers are required by <u>Federal</u>, <u>State</u>, and <u>Municipal</u> law to provide the <u>name</u>, <u>address</u>, and <u>telephone</u> <u>number(s)</u> of their public hazard and malpractice bonding company and policy number of the bond, and if required, a copy of the policy describing coverage of their specific employment performance.

WHEREFORE, premises considered, Plaintif requests that that this Court enlarges his time by 60 days from the date of the receipt of this Motion, so that he may surreply to the Defendants' Reply, as Plaintiff already did so in his "Objections" to Defendants' Motion to Dismiss and/or Summary Judgment of August 2007, but he will do so once again..., and Order Defendants' counsels to produce their letters of appointment, inter alia,[3] to Plaintiff prior to proceed any further in this/his, or otherwise any other similar causes, that Plaintiff is a party in this jurisdiction, and for such further and other relief as this Honorable Court deems just, equitable, and proper.

Respectfully Submitted,

*Michael Trupei*
Michael Trupei, pro se

---

[3] Standard Form-61's (SF-61's); Standard Form-50's (SF-50's); Standard Form-52's (SF-52's), and a certified copy of the fidelity bonds. See fote note-2, supra.

CERTIFICATE of SERVICE

I, Michael Trupei do hereby CERTIFY that this/my "Motion and/or Objections" have been on December 26, 2007, forwarded upon United States Attorney's Office, as follows:

U.S. Department of Justice

United States Attorney
District of Columbia
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20001

*Michael Trupei*
Michael Trupei, pro se

Sworn to and subscribed
before me on this 26, day of
December, 2007

*Kathy Glenn*
NOTARY PUBLIC

My Commission Expires: My Commission Expires March 1, 2009

**U.S. Department of Justice**

United States Attorney
District of Columbia

Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20001

Official Business
Penalty for Private Use $300

Michael Trupei
R12743-004
Federal Correctional Complex
Low Security Prisons, C-3-Unit
P.O. Box 1031
Coleman, Florida 33521-1031

EXHIBIT-A

| | | | | |
|---|---|---|---|---|
| 204 L | 12743004 | TRUPEI, MICHAEL | Inmate Signature: | [signature] |
| | | | Date Received: | 12-20-07 |

Date Received: 12/20/2007 12:05PM
Received From: US DEPARTMENT OF JUSTICE
WASHINGTON, DC 20001
Cash?: NO

**EXHIBIT-B**



EXHIBIT-C

**U.S. Department of Justice**

*United States Attorney*
*District of Columbia*

*Judiciary Center*
*555 4th Street, N.W.*
*Washington, D.C. 20001*

Official Business
Penalty for Private Use $300

MICHAEL TRUPEI, pro se
#12743-004
FCC Coleman Medium Security Prisons
McRae Correctional Facility
1000 Jim Hammock Drive
McRae, GA 31053

**CLERK'S OFFICE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC 20001

OFFICIAL BUSINESS

Michael Trupei pro se
R12743-004

CCA MCRAE
1000 JIM HAMMOND
MCRAE, GA  31055