**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                      )
**MICHAEL TRUPEI,**                        )
                                                      )
            **Plaintiff,**                )
**v.**                                                )          **Civil No. 07-0475 (HHK)**
                                                      )
**BUREAU OF CUSTOMS AND BORDER**   )
**PROTECTION, et al.,**                    )
                                                      )
            **Defendants.**            )
_____)

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR
ENLARGEMENT OF TIME TO FILE SURREPLY**

Defendants, Bureau of Customs and Border Patrol et al., respectfully oppose Plaintiff's

motion for enlargement of time to "Surreply to Defendants' Reply, and Objection to the

Appearances of USA-Jeffrey A. Taylor, AUSA-Rudolph Contreras, and AUSA-Marian L.

Borum, Notarized."  ("Pltf's Enlargement Motion").  See Docket Entry No. 14.

On March 27, 2007, Defendants were served with Plaintiff's Complaint.  See Docket

Entry No. 5.  On April 26, 2007, Defendants filed a Motion to Dismiss or, in the Alternative, for

Summary Judgment.  See Docket Entry No. 7.  Plaintiff was ordered to respond to Defendants'

motion by Monday, August 27, 2007.  See Docket Entry No. 11.  On Thursday, August 30, 2007,

Plaintiff filed its opposition.  See Docket Entry No. 12.  Defendants filed a timely reply.  See

Docket Entry No. 13.  Plaintiff now requests sixty (60) days in which to file a surreply.

Plaintiff's motion should be denied.

"The Local Rules do not provide for the filing of a surreply, nor do the Federal Rules of

Civil Procedure."  Arakelian v. Nat'l W. Life Ins. Co., 126 F.R.D. 1, 3 (D.D.C. 1989).  The

"standard for granting leave to file a surreply is whether the party making the motion would be

unable to contest matters presented to the court for the first time in the opposing party's reply."

Robinson, 211 F.Supp.2d at 113 (quoting Lewis v. Rumsfeld, 154 F. Supp.2d 56, 61 (D.D.C.

2001); Groobert v. President and Directors of Georgetown College, 219 F.Supp.2d 1. 13 (D.D.C.

2002).  If the opposing party's reply merely raises issues that the parties have already addressed

or had the opportunity to address, the surreply should be denied.  U.S. Commodity Futures

Trading Comm'n v. Whitney, 441 F. Supp. 2d 61, 73 (D.D.C. 2006).  See Corel Corp. v. U.S.,

165 F.Supp.2d 12, 18 n.1 (D.D.C. 2001) (Because arguments raised in surreply could have been

raised in opposition brief, motion to file a surreply was denied).

Here, Defendants' Reply only raised issues that the parties previously addressed.

Moreover, Plaintiff asks that he be granted an enlargement of time

> so that he may surreply to the Defendants' Reply, as Plaintiff already did so in his
> 'Objections' to Defendants' Motion to Dismiss and/or Summary Judgment of
> August 2007, but he will do so once again . . . .

Plaintiff's Enlargement Motion at 5.  As Plaintiff admits that he merely intends to address issues

that he already has addressed in his opposition, Plaintiff's motion should be denied.[1]

WHEREFORE, Plaintiff's motion for enlargement of time and objection to the

Appearances of representatives of the United States Attorney's Office should be denied.

---

[1]Although Defendants filed a timely reply to Plaintiff's opposition, Plaintiff complains that he did not receive the reply at the institution to which he was transferred until "3 months and 10 days thereafter."  Pltf's Enlargement Motion at 1.  However, Plaintiff was not prejudiced by the timing of the receipt of the reply, and this does not serve as a basis for the filing of a surreply.

Plaintiff also argues that the representatives of the United States Attorney's Office for the District of Columbia "must or shall not represent Defendants . . . without first producing their 'letters of appointment' under Art. II, § 2, cl. 2, of the Constitution or otherwise statutory sense of 28 U.S.C. §§ 541 and 542."  Pltf's Enlargement Motion at 4.  Plaintiff's argument is too lacking in merit to require a response.

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Washington, D.C.  20530
(202) 514-6531

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2008, the foregoing was served, by first-class mail, upon plaintiff as follows:

Michael Trupei
R12743-004
McRae Medium Facility Correctional Institution
Inmate Mail/Parcels
Route 1, Box 6AA
McRae, GA 31055

Michael Trupei
R12743-004
Corrections Corporation of America
P.O. Drawer 30
McRae, GA 31055

/s/
MARIAN L. BORUM
Assistant United States Attorney