UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MICHAEL TRUPEI,                     )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )  Civil Action No. 07-0475 (PLF)
                                    )
BUREAU OF CUSTOMS AND               )
BORDER PROTECTION,                  )
                                    )
       Defendant.                   )
_____ )

MEMORANDUM OPINION

        In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the failure of the Bureau of Customs and Border Protection ("CBP") to respond to his request for records pertaining to a third-party individual, Klaus Ernst Buehler. Defendant moves to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, or for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the ground that plaintiff failed to exhaust his administrative remedies by properly submitting his February 16, 2005 FOIA request to the agency. Upon consideration of the parties' submissions and the entire record, the Court finds that it lacks jurisdiction to entertain the complaint and therefore will grant defendant's Rule 12(b)(1) motion to dismiss.

        The Court's jurisdiction under the FOIA extends only to claims arising from the improper withholding of agency records. 5 U.S.C. § 552(a)(4)(B); McGehee v. CIA, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980)). Plaintiff alleges that on February 17, 2005, he "deposited"

his FOIA request dated February 16, 2005, into "the institutional mail-box" at the Federal Correctional Complex in Coleman, Florida.  Pl.'s Objections to Defendant's Motion to Dismiss or, in the Alternative to [sic] Summary Judgment, Notarized [Dkt. No. 12] at 1-2. Defendant counters, however, that it never received the request.  In support of its contention, defendant has proffered the Declaration of Dorothy Pullo, who describes the manner in which CBP logs and tracks FOIA requests.  Pullo Decl. ¶¶ 4-5. Ms. Pullo's review of the case tracking system located one of plaintiff's requests but not the request forming the basis of this action.  Id. ¶ 6. Specifically, Ms. Pullo states that "there was no record in this record system concerning any FOIA request by Plaintiff, made directly to CBP or referred to CBP by another agency," dated February 16, 2005, or seeking from CBP records concerning the case, U.S. v. Klaus E. Buehler, or Buehler himself.  Id.  Plaintiff has not provided any documentation from which the Court may draw an inference that the agency in fact received his request but lost or misplaced it.  Nor is there a basis for the Court to question Ms. Pullo's sworn statements about the search for plaintiff's request and the conclusions drawn therefrom. See Long v. United States Dep't of Justice, 450 F. Supp.2d 42, 54 (D.D.C. 2006) (according agency declarations "a presumption of good faith").

       The FOIA requires an agency "to determine within twenty days after the receipt" of a properly submitted request "whether to comply with the request" and to notify the requester accordingly.  5 U.S.C. § 552(a)(6)(A)(i) (emphasis added).  It therefore follows that an agency's FOIA obligations are not triggered until a request has been received.  In the absence of any indication in the record of an improper withholding of agency records or of agency bad faith,

the Court concludes that it lacks subject matter jurisdiction to entertain this FOIA action. A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 29, 2008